Johnson, C. J. The object of prosecuting the writ of error in this case is, to reverse the judgment by default rendered in the court below, against the plaintiffs in error. It is contended, first, that the ■ plaintiffs in the Circuit Court had no right to revive against the representatives of Benjamin Langford, who was one of the original defendants; and secondly, that the plea of usury interposed by Bewly, enured to the benefit of all his co-defendants. The 8th sec. of chap. 1, of the Revised Code, declares that “If there are two or more plaintiffs in any action, and one of them die before final judgment,the action shall not thereby abate if the cause of action survive to the plaintiff or plaintiffs; and when there are two or more defendants, and one of them die before final judgment, such action shall not thereby abate, but in either of such cases, such death shall be stated on the record, and the action shall proceed, at the suit of the surviving plaintiff, or against the surviving defendant.” This provision of the statute will admit of but one construction, and that is, that where the action is against a single defendant, and the cause of action be such as might originally have been prosecuted against the heirs, devisees, executor or administrator of such defendant, the same may be revived and prosecuted to final judgment against such of them as might originally have been prosecuted for the same cause of action; but that where there are two or more defendants, the action shall not be .revived against the representatives of such as have died since the commencement of the suit, but it shall be prosecuted alone against the survivor. It is consequently clear that the executors of Benjamin Langford, inasmuch as they were under no legal obligation to appear in obedience to the scire facias, could not be subjected to the consequences of a default. The judgment against them by default, upon that ground alone, independent of the successful defence of Bewly, was manifestly erroneous. But Bruton was one of the original defendants, and of course must rely solely upon the defence interposed by Bewly, his co-defendant. The 79 th sec. of chap. 116, Rev. St at., provides that “Where there are several defendants in a suit, and some of them appear and plead, and others make default, an interlocutory judgment by default may be entered against such as make default, and the cause may proceed against the others, but only one final judgment shall be given in the action. This provision we consider decisive of the question. It is perfectly manifest that the interlocutory judgment, which is authorized to be taken against such as make default, is required to stand and to abide the result of any de-fence to the merits, that those, who appear to the action, may see fit to interpose. If two are sued jointly, one of whom makes default, and the other appeal's and interposes a successful defence to the action, diere can be no doubt but drat the plea of the one appearing, will enure to the benefit of the other, and that he will also be entided to his discharge, notwithstanding the interlocutory judgment by default. If this construction of the statute be correct, and that it is we think diere can be no doubt, it is clear and unquestionable that the Circuit Court erred in entering the final judgment by default. Judgment reversed.